(Decided 28th June, 1878.)

ALEXANDER WOLFF *vs*. THE MAYOR AND CITY COUNCIL OF BALTIMORE, use of CHRISTIAN HAX.

*Liability of owners of property in Baltimore City for Paving taxes—How payment of such taxes enforced—Which of successive owners of property between application for Paving and completion thereof, liable therefor in an action of debt or assumpsit.*

Daniel Bartz, of Baltimore City, addressed to the City Commissioner a petition 12th Aug., 1870, to have certain paving done. On the 20th January, 1871, the property where the paving was done was sold to the appellant. The warrant for the collection of the taxes assessed for said paving was issued 11th October, 1871, and the question was which of the successive owners between the commencement and conclusion of the work was liable for the tax. HELD :

1st. That such a tax was an improvement tax; the property is enhanced in value by the work done; the improvement is appurtenant to the land, and only the person owning the land when the paving was completed was permanently benefited as a proprietor.

2nd. That like every other lien and encumbrance to which real estate is liable, the purchaser may by ordinary diligence ascertain the existence of the lien of taxes assessed for paving improvements, and protect himself from liability as a purchaser.

3rd. That the tax was recoverable by distraint against the property itself, but could not, in the absence of special legislation, be recovered in an action of debt or *assumpsit*, except against the actual owner after the work was done and completed.

APPEAL from the Baltimore City Court.

The question in this case was as to which of the successive owners of property between the filing of an application with the City Commissioner to have done certain paving and the completion of said paving, was liable in an action of *assumpsit* for the tax assessed for such paving.

The case is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and MILLER, J.

*Geo. C. Maund* and *Alex. Wolff*, for the appellant.

*Albert Ritchie*, for the appellee.

BOWIE, J., delivered the opinion of the Court.

This case was submitted to the Court below for determination without the aid of a jury upon a statement of facts, including all the evidence appearing in the record transmitted from the Court below to the Court of Appeals in the case of *Mary L. Forrest vs. The Mayor and City Council of Baltimore, for the use of Christian Hax*, as a part of said statement.

This, like the case referred to, is an action of assumpsit by the appellee against the appellant to recover the amount of certain assessments made by the legal plaintiff below, as a paving tax on certain lots in the city of Baltimore, levied pursuant to the ordinances of said City made in virtue of the charter and Acts of Assembly authorizing the same.

The right and power of the appellee to impose the tax and recover the same by action of *assumpsit* against the person owning the property when the assessment was made, were thoroughly examined and deliberately determined in the case referred to.

The only distinguishing feature in this case is the manner and time of the transfer of the title in the premises assessed to the appellant.

The application to have the paving done, addressed to the City Commissioner, was signed by Bartz, as the proprietor, and in the assessment or warrant made by the commissioner the amount due for paving in front of said lot was charged to Bartz as proprietor. The petition was received on the 12th of August, 1870, by the City Commissioner.

The warrant for the collection of the taxes was issued on the 11th of October, 1871; the appellant acquired his right and title to the property on the 20th of January, 1871, intermediate between the filing of the petition and the issuing of the warrant

In the case of *Dashiell vs. The Mayor, &c.,* 45 *Md.,* 615, the tax was erroneously assessed to Mrs. Dashiell, a former proprietor, instead of the defendant, who at the time the paving proceedings were commenced, as well as when the assessment was made, was confessedly the owner of them. In reply to this objection the Court said; " whatever difficulty this mistake might have occasioned in a proceeding to collect the tax by process of distraint, it is, in our judgment, entirely competent for the plaintiff in this action of *assumpsit* to show that the defendant was in fact the owner of the lots and therefore liable to pay the tax assessed therefor.''

This case decides only that the actual owner of the lot is liable in *assumpsit* for the paving tax when the same person is the owner at the commencement and conclusion of the work, although a third person is erroneously described as owner in the warrant.

The question in this case is, which of several persons, who are successively owners between the commencment and the conclusion of the work, is liable for the tax.

To solve this question we must refer to the nature of the tax and the liability of owners in similar cases. The law

has made no provision for such a change of ownership whilst the work is "*in fieri.*" The tax is an improvement tax; the property is supposed to be enhanced in value by the work proposed to be done, whilst unfinished the benefit is contingent.

The improvement is appurtenant to the land; only the person owning the land or lot when the paving is completed, can be permanently benefited as a proprietor.

"*Qui sentit commodum, debet sentire et onus.*" Like every other lien or incumbrance to which real estate is liable, the purchaser may by ordinary diligence ascertain its existence and protect himself if he chooses from liability as a purchaser.

The tax is recoverable by distraint against the property itself, but it cannot be a subject of action in debt or *assumpsit* in the absence of special legislation to the contrary, except against the actual owner after the work is done and completed.

Finding no error in the judgment appealed from, the same is affirmed.

*Judgment affirmed.*

(Decided 28th June, 1878.)